UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SINA MOGHTADER § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL NO. SA-18-CV-00632-XR |
| § | |
| MARK MCPHERSON, et al. § | |
| § | |
| *Defendants*. § | |

## **DEFENDANT MCPHERSON'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 4(m), Defendant Mark McPherson respectfully moves this Court for an Order dismissing Plaintiff's claims for failure to serve the complaint on Defendant within 90 days.

### BACKGROUND

1. Plaintiff originally filed this complaint on June 24, 2018, generally alleging constitutional violations, Americans with Disabilities Act (ADA) violations, and negligence claims against prison officials arising out of a period of confinement.[1] (Dkt 1) Plaintiff served Defendant McPherson with a summons and a copy of the lawsuit on June 29, 2018. (Dkt 8). To date, Plaintiff has still not served the United States as required by Fed. R. Civ. P. 4(i)(3). The United States Attorney's Office, who has been authorized to represent Defendant McPherson in his individual capacity, informed Plaintiff of this omission on two occasions and has also instructed Plaintiff's

---

[1] Plaintiff's 16 page complaint mentions Defendant Deputy United States Marshal (DUSM) Mark McPherson twice: first to allege that on September 9, 2016, DUSM McPherson received a letter from Plaintiff's attorney requesting Plaintiff be given access to medication (which he then allegedly promptly received), and second to allege DUSM McPherson was "aware" of GEO's previous failures to provide medication to inmates but took no steps to ensure Plaintiff received medication until DUSM McPherson was asked by Plaintiff's counsel. (Dkt 1 ¶ 26, 37)  The complaint also alleges that the U.S. Marshal Service "supervises" GEO Group, which is inaccurate.

counsel on the proper means of perfecting service. (Exhibit 1). However, more than 100 days after filing suit, Plaintiff has yet to serve the United States. In the meantime, Plaintiff proceeded against the other Defendants in this case and the parties have entered the initial stages of discovery. *See generally* Dkt 16-30.

## LAW AND ARGUMENT

2. Fed. R. Civ. P. 4(m) requires the dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing, unless "plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

3. "Good cause" under Fed. R. Civ. P. 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). In addition, courts normally require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified...." *Id.*

4. Plaintiff cannot establish "good cause" for failing to meet this basic deadline, as he has not even attempted service on the United States.[2] Further, this case does not involve a Defendant who is consciously evading service, rather Defendant has written to Plaintiff's counsel multiple times

---

[2] *Compare Crisp v. Sears, Roebuck & Co.*, No. CIV.A. SA-13-CA-962, 2014 WL 108670, at *2 (W.D. Tex. Jan. 9, 2014) (finding where Plaintiff made only one unsuccessful attempt to serve Defendant, was informed that the proof of service was insufficient but made no further attempts, and waited until the last day of the deadline to take action by moving for an extension was not "good cause") *with Luppino v. York*, No. SA-16-CV-409-XR, 2017 WL 7788137, at *1 (W.D. Tex. Jan. 4, 2017) (good cause shown where Plaintiff attempted service at the registered address of Defendant only to find that the registered address was closed, continued efforts to locate Defendant, conducted repeated web-based searches to find a valid address for Defendant, and requested this information from co-defendant. Plaintiff also included the affidavits of two process servers, describing a handful of attempts to serve Defendant at different addresses and the difficulties that they encountered in locating a valid address for Defendant).

providing specific instructions on how service may be accomplished.

5.    In the Rule 26(f) report dated September 24, 2018, Plaintiff acknowledged that there were unserved parties, but "request[ed] they not be dismissed and that he have 60 more days to serve." Plaintiff did not articulate precisely *why* he needs another two months to serve the United States. There are no procedural or logistical hurdles to serving the United States.

6.    Even though Plaintiff has not demonstrated good cause to extend the deadline, the Court may nevertheless authorize additional time for service in its discretion. *See Thompson,* 91 F.3d at 21. The Court should not exercise this discretion to save Plaintiff's complaint lawsuit against DUSM McPherson. Plaintiff's complaint contains approximately 70 paragraphs worth of allegations, but only two of them contain vague allusions to the purported acts or omissions of DUSM McPherson. The thrust of Plaintiff's complaints are directed at GEO Group and its personnel who operated the jail at which Plaintiff allegedly suffered various constitutional violations. Dismissal as to DUSM McPherson would not meaningfully impact Plaintiff's overall lawsuit. Finally, given Plaintiff counsel's actions to date—ignoring the United States' instructions on how to perfect service while filing motions to compel, conducting Rule 26(f) conferences, and filing Rule 26(f) reports—it appears Plaintiff's counsel himself does not feel that DUSM McPherson's participation is necessary to reach the ultimate resolution of this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant Defendant's motion, and Plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P. 4(m).

Dated: October 5, 2018　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**JOHN F. BASH**
　　　　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY

　　　　　　　　　　　　　　　　　　　　/s/ *James E. Dingivan*
　　　　　　　　　　　　　　　　　　　　**JAMES E. DINGIVAN**
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24094139
　　　　　　　　　　　　　　　　　　　　601 N.W. Loop 410, Suite 600
　　　　　　　　　　　　　　　　　　　　San Antonio, TX 78216-5597
　　　　　　　　　　　　　　　　　　　　Tel.　 (210) 384-7372
　　　　　　　　　　　　　　　　　　　　Fax:　 (210) 384-7312
　　　　　　　　　　　　　　　　　　　　james.dingivan@usdoj.gov
　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

　　I hereby certify that on October 5, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served the following by certified mail delivery on:

　　**Randall L. Kallinen**
　　511 Broadway Street
　　Houston, Texas 77012

　　　　　　　　　　　　　　　　　　　　*/s/James E. Dingivan*
　　　　　　　　　　　　　　　　　　　　**JAMES E. DINGIVAN**
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney