UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SINA MOGHTADER | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. <u>5:18-CV-632-XR</u> |
| | § | |
| THE GEO GROUP, INC., *et al.,* | § | |
|     Defendants. | § | |

**MOTION TO DISMISS "PLAINTIFF'S 1st AMENDED ORIGINAL COMPLAINT"
AGAINST DEFENDANT ROSARIO RODRIGUEZ, M.D.,
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**
**[Relates to Dkt. 57]**

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant Rosario Rodriguez, M.D. ("**<u>Dr. Rodriguez</u>**") and files this *Motion To Dismiss "Plaintiff's 1st Amended Original Complaint" Against Defendant Rosario Rodriguez, M.D., Pursuant To Fed. R. Civ. P. 12(b)(6)* ("**<u>Motion to Dismiss</u>**"). As set forth in detail below, the Amended Complaint filed by Sina Moghtader ("**<u>Moghtader</u>**") fails to state claims for which relief can be granted.

**I.
PROCEDURAL HISTORY**

1. Moghtader initiated this lawsuit on June 24, 2018 by filing his Complaint against, among others, Dr. Rodriguez (the "**<u>Complaint</u>**"). *See* D.E. 1. Dr. Rodriguez moved to dismiss the Complaint against her under Fed. R. Civ. P. 12(b)(6).

2. This Court has previously dismissed Plaintiff's claims against Dr. Rodriguez brought under 42 U.S.C. § 1983/*Bivens* that asserted violations of the Fourth, Fifth, and Fifteenth Amendments to the United States Constitution. *See Order*, Dkt. 53, at 5-8. The Court denied leave to amend those claims, as amendment would be futile. *See id.* at 9-12. The Court also dismissed

Plaintiff's claim for intentional infliction of emotional distress without leave to amend. *See id.* at 13-14. Finally, the Court granted Dr. Rodriguez's motion to dismiss Plaintiff's medical malpractice claim against her, but granted leave for Plaintiff to amend his complaint as to that claim only. *See id.* at 14-15. Plaintiff did not appeal the Court's Order or seek permission for an interlocutory appeal.

3. Plaintiff filed his Amended Complaint on August 12, 2019. Prior to filing the Amended Complaint, the parties engaged in limited discovery, including a deposition of Plaintiff, the transcript of which is attached to the Amended Complaint.

4. Based on the Court's prior ruling and the face of the Amended Complaint, Dr. Rodriguez understands that the only potentially viable claim against her is the claim for "Medical Malpractice." As set forth below, Plaintiff fails to state a plausible claim for relief, and therefore, the claim for "Medical Malpractice" should be dismissed. Since Plaintiff has already had the benefit of amending his pleading once, no further leave to amend should be granted.

## II.
## PLAINTIFF'S CLAIM AGAINST DR. RODRIGUEZ SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

5. The standards for sufficient pleading are set forth in *Iqbal, Twombly*, and their progeny. As the Fifth Circuit recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of 'further factual enhancement. Factual allegations must be enough to raise a right to relief above the speculative level.'

> In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim upon which relief can be granted. Additionally, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.

*Allen v. Walmart Stores, L.L.C.*, 17-20404, 2018 WL 4998231, at *2 (5th Cir. Oct. 16, 2018) (internal citations, quotation marks, and brackets omitted).

6.  Plaintiff attached a copy of the transcript of his deposition to the Amended Complaint and cited to the transcript throughout the Amended Complaint. Therefore, Plaintiff made the deposition transcript part of his Amended Complaint and the testimony contained therein may be considered as part of the Complaint for purposes of the instant Motion to Dismiss. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

**A.   Applicable Elements of Plaintiff's Claim Against Dr. Rodriguez**

7.  The Plaintiff's claim for medical malpractice, as set forth in the Amended Complaint, does not clearly outline the elements necessary to prove that claim.

8.  As this Court has previously explained,

> The elements of [a Health Care Liability Claim ("HCLC")] under the [Texas Medical Liability Act ("TMLA")] are "(1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission complained of must proximately cause the injury to the claimant." *Rendon v. Walgreens*, 144 F. Supp. 3d 894, 897–98 (N.D. Tex. 2015) (citing *Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 753, 758 (Tex. 2014) ).

*Moghtader v. Geo Group, Inc.*, 5:18-CV-632-XR, 2019 WL 2549232, at *6 (W.D. Tex. June 20, 2019).  The Court further explained that

> A plaintiff must prove four elements in a medical malpractice claim under Texas law: "(1) a duty by the physician to act according to a certain standard; (2) a breach of the applicable standard of care; (3) injury or harm to the plaintiff; and (4) a causal connection between the breach of the applicable standard of care and the injury or harm."

*Id.* (quoting *Coronel v. Providence Imaging Consultants, P.A.*, 484 S.W.3d 635, 638 (Tex. App.—El Paso 2016, pet. denied)) (internal quotation marks omitted).  As set forth below, Plaintiff fails to plead sufficient allegations supporting elements (2) through (4) of his HCLC under the TMLA.

**B.   Factual Allegations Applicable to Plaintiff's Claim Against Dr. Rodriguez**

9.    Plaintiff's Amended Complaint, as it pertains to Dr. Rodriguez, does not meet the liberal pleading standards under Fed. R. Civ. P. 8, and therefore, the Complaint should be dismissed as to Dr. Rodriguez pursuant to Fed. R. Civ. P. 12(b)(6).

10.   In the general "Fact" section of the Amended Complaint, the only allegations against Dr. Rodriguez are as follows:

> 26.   On August 6, 2016 Sina filed another formal request for medical attention. Officials responded to this grievance by writing "Records show you were seen by Psych Dr. Morgan who referred you to Dr. Rodriguez Psychiatrist who is the only one authorized to prescribe medication." *Sina was not given any medication.* Sina saw Dr. Rodriguez via video conferencing with Dr. Morgan present at the end of August 2016. Dr. Rodriguez prescribed Zoloft for Sina but did not receive it. At this time Sina also told Dr. Rodriguez in the presence of Dr. Morgan that Sina's food was being taken and that he was being beaten by inmates because of Blake and Randall encouraging prisoners to mistreat Sina by referring to him as a terrorist and indicating inmates would not be disciplined for mistreatment. Neither Dr. Morgan nor Dr. Rodriguez reported these concerns to the appropriate GEO personnel.

*See* Amended Complaint, ¶ 26.

11. In the section of the Amended Complaint pertaining to "additional facts" in support of Plaintiff's medical malpractice claim, Plaintiff further alleges (a) that Dr. Rodriguez did not conduct a psychiatric screening of Plaintiff and therefore failed to diagnose treatable psychiatric problems (Amended Complaint ¶ 62.1); (b) that Plaintiff did not consent to treatment by telemedicine[1] and an in-person interview may have revealed Plaintiff's serious psychiatric condition to Dr. Rodriguez (*id.* ¶ 62.2); and (c) that Dr. Rodriguez failed to report Plaintiff's claim that he had been assaulted and/or that other inmates were stealing his food (*id.* ¶ 62.3).

12. As the Court is aware, when considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court must take as true all well-pleaded facts. However, demonstrably false factual allegations are not taken as true. Certain of the factual allegations made by Plaintiff are demonstrably false, as set forth below.

13. Plaintiff alleges that Dr. Rodriguez was negligent in failing to conduct a psychiatric screening that would have revealed treatable psychiatric problems. This a conclusory allegation unsupported by any well-pleaded facts. Significantly, Plaintiff fails to identify any "treatable psychiatric problems" that Dr. Rodriguez failed to identify. Additionally, Plaintiff admitted in his deposition that Dr. Rodriguez obtained a thorough and accurate medical history from him, including a history of his mental health treatment for anxiety, attention deficit disorder, and learning disabilities, among others. *See* Amended Complaint, **Exhibit 1**, 236:3-242:2; 244:5-244:17.[2] Thus, the allegation that Dr. Rodriguez failed to conduct an appropriate screening is

---

[1] Because this allegation is included in an "additional facts" section of the Amended Complaint, is it unclear whether this is meant to be an assertion of fact or a basis for finding negligence under the Texas Medical Liability Act. If the latter is true, Plaintiff's claim must fail. Pursuant to section 111.002 of the Texas Occupations Code, the treating physician is required to obtain the consent of the patient or someone authorized to make health care decision on the patient's behalf before receiving services. Plaintiff admits that such consent was obtained prior to his initial treatment with Dr. Rodriguez. *See* Amended Complaint, **Exhibit 1**, 233:2 – 233:16.

[2] For convenience, the pages of the deposition that are cited to in this Motion to Dismiss are attached hereto as **Exhibit A**.

demonstrably false and cannot be treated as a "well-pleaded fact" for purposes of this Motion to Dismiss. Additionally, the conclusory allegation that Dr. Rodriguez failed to identify any "treatable psychiatric problem" is conclusory and unsupported. Accordingly, it cannot be treated as a "well-pleaded fact" for purposes of this Motion to Dismiss.

14. The same analysis applies to Plaintiff's allegation that an in-person visit with Dr. Rodriguez may have revealed to her "any serious psychiatric condition" that she failed to diagnose. Nowhere in the Amended Complaint does Plaintiff allege any "serious psychiatric condition" that went untreated after his initial visit with Dr. Rodriguez. *See generally*, Amended Complaint, ¶¶ 14–37 ("Facts"). Furthermore, Plaintiff testified in his deposition that he began receiving Setraline/Zoloft within two days of his visit with Dr. Rodriguez and from that point (approximately September 18, 2016) until he was released from custody in or about April 2017 his anxiety was alleviated with that medication. *See* Amended Complaint, **Exhibit 1**, at 245:15–246:13; 251:5–251:13; 251:18–252:7; 253:19–256:21. Thus, the allegation that Dr. Rodriguez might have discovered some other "serious psychiatric condition" if she had conducted an in-person visit with Plaintiff is not a well-pleaded fact that can be taken as true for purposes of this Motion to Dismiss.

15. Similarly, Plaintiff's claim that Dr. Rodriguez failed to report his claim about his food being stolen is not supported. To the contrary, Plaintiff admitted in his deposition that following the September 2016 visit, Dr. Rodriguez ordered various tests, including a complete metabolic panel (which measures, among other things, blood glucose levels, fluid and electrolyte balance, and liver and kidney function) and referred him to see a medical doctor related to his weight loss. *See* Amended Complaint, **Exhibit 1**, 242:3–242:12; 242:23–243:7. Thus, the

allegation that Dr. Rodriguez failed to report Plaintiff's complaints related to his food being stolen is not supported and, to the contrary, is rebutted by the evidence.

16. Plaintiff alleges that Dr. Rodriguez committed the following acts or omissions which constituted negligence:

> a. Failing or refusing to give [Plaintiff] anxiety medication as prescribed by Dr. Arambula;
> b. Failing or refusing to treat [Plaintiff's] ear infection;
> c. Failing or refusing to treat [Plaintiff's] injuries from multiple beatings sustained; and
> d. Any other acts and/or omissions mentioned herein.

*See* Amended Complaint, ¶ 69.

**C.    Plaintiff's Claim That Dr. Rodriguez Was Negligent In "Failing to Give [Plaintiff] Anxiety Medication" Is Not Plausible.**

17. Plaintiff's allegation that Dr. Rodriguez was negligent in failing to "give" Plaintiff anxiety medication is belied by his own deposition testimony, which is incorporated into the Amended Complaint.

18. Specifically, Plaintiff admits that he was treated by Dr. Rodriguez on or about September 16, 2016 and began receiving Setraline/Zoloft – the exact medication he requested – within two days of that visit. *See* Amended Complaint, **Exhibit 1**, 246:7–246:11. Plaintiff further admitted that Dr. Rodriguez was not the individual responsible for actually dispensing medication to him while he was in custody. *See id.* at 246:15–246:18. Furthermore, Plaintiff testified that once he began receiving the medication, his anxiety improved and he had no further panic attacks. *See id.* 251:5–251:13. In other words, Plaintiff admits that Dr. Rodriguez properly and effectively treated the condition for which he sought treatment.

19. Based on the foregoing, Plaintiff has failed to plead sufficient facts that would allow a fact finder to determine (a) that Dr. Rodriguez breached the applicable standard of care, (b) that

Plaintiff suffered any injury, or (c) that any injury suffered by Plaintiff was proximately caused by the alleged breach by Dr. Rodriguez. Accordingly, Plaintiff fails to state a plausible claim for relief based on the alleged failure to prescribe anxiety medication and the claim should be dismissed. Plaintiff's own deposition testimony belies the validity of the claim for relief against Dr. Rodriguez based on the alleged failure to provide anxiety medication.  Therefore, amendment would be futile and leave for further amendment of the complaint should be denied.

### D. Plaintiff's Claim Against Dr. Rodriguez Relating To Failure To Treat His Ear Infection Is Not Plausible.

20. Plaintiff asserts that, among others, Dr. Rodriguez committed acts and/or omissions which constitute negligence based on her alleged failure to treat his ear infection.  Again, Plaintiff's own deposition testimony belies the plausibility of such a claim.

21. Specifically, Plaintiff testified that he received treatment for his ear infection on or about August 3, 2016. *See* Amended Complaint, **Exhibit 1**, 209:8–209:11. Plaintiff further testified that he received approximately a one-month course of antibiotics to treat the ear infection. *See id.* 209:12–210:1, 280:22–281:20.

22. Plaintiff testified that the first time he was treated by Dr. Rodriguez was on or about September 16, 2016. *See id.* 233:2–233:16.  Thus, by Plaintiff's own admission, his first visit to Dr. Rodriguez was approximately 6 weeks after he first received treatment for his ear infection and approximately 2 weeks after the ear infection was resolved.  Therefore, Plaintiff cannot meet his burden of showing that Dr. Rodriguez breached the applicable standard of care by failing to treat a non-existent condition. Nor can he show any harm that was proximately caused by the alleged failure. Accordingly, Plaintiff fails to state a plausible claim for relief based on the alleged failure to treat his ear infection. Plaintiff's own deposition testimony belies the validity of this

claim for relief against Dr. Rodriguez. Therefore, amendment would be futile and leave for further amendment of the complaint should be denied.

### E. Plaintiff's Claim That Dr. Rodriguez Failed To Treat Injuries From Multiple Beatings Is Not Plausible.

23. Plaintiff claims that Dr. Rodriguez was negligent in failing to treat injuries he allegedly sustained when he was beaten by other inmates. In his Amended Complaint, Plaintiff does not state when the alleged beating occurred. *See* Amended Complaint, ¶ 21. Plaintiff further alleges that, shortly thereafter, he developed an ear infection. *See id.* Plaintiff asserts that he sought treatment for his ear infection on or about July 29, 2016 and by that time, he had been suffering the ear infection for a month. *See id.* ¶ 24. Therefore, it can be concluded that Plaintiff suffered the alleged beating and sustained the alleged injuries in late June 2016.

24. Plaintiff further alleges that he was beaten again in October 2016 and suffered nerve damage and broken teeth. *See id.* ¶ 30. Plaintiff alleges another beating occurred in November 2016, but he does not allege any specific injuries resulting from said alleged beating. *See id.*

25. Plaintiff admits that he was treated by Dr. Rodriguez on September 16, 2016 and April 1, 2017 and that he did not reach out to her at any time between those two visits. *See* Amended Complaint, **Exhibit 1**, 233:2-233:16, 252:8-253:4.

26. Based on the timeline established by the Amended Complaint and Plaintiff's deposition testimony, when Dr. Rodriguez first treated Plaintiff on or about September 16, 2016, the only alleged injuries she could have potentially treated him for were those sustained in the alleged June beating.[3] However, there is no allegation that in September 2016 Plaintiff had any visible or untreated injuries that were sustained in the alleged June beating. *See generally*,

---

[3] While Plaintiff alleges that he was sodomized during the alleged June 2016 beating, he does not allege that he sustained any physical injury as a result, and certainly not any physical injury that would have been visible to Dr. Rodriguez while conducting a psychiatric examination requested for the treatment of anxiety.

Amended Complaint. Moreover, Plaintiff has not identified any harm that he purportedly suffered as a result of the alleged failure to treat such injuries, if there were any.

27. Similarly, Plaintiff alleges that he sustained nerve damage and broken teeth in October and/or November 2016, approximately 5-6 months before he was treated by Dr. Rodriguez for the second time. Again, it is not apparent from the Amended Complaint how Dr. Rodriguez could have assessed or treated these injuries during an April 2017 visit for the purpose of following up on his psychiatric treatment. Plaintiff does not specify any injury he suffered as a result of any alleged failure by Dr. Rodriguez to treat his purported nerve damage or broken teeth on or about April 1, 2017. *See generally,* Amended Complaint.

28. Based on the foregoing, Plaintiff has failed to state a plausible claim for relief based on the alleged failure to treat injuries from beatings purportedly sustained while Plaintiff was incarcerated. Plaintiff's own deposition testimony belies the validity of the claim for relief against Dr. Rodriguez based on the alleged failure to treat his supposed injuries. Therefore, amendment would be futile and leave for further amendment of the complaint should be denied.

**F.    Plaintiff's Claim That Dr. Rodriguez Was Negligent Based On Unidentified Acts Or Omissions Is Not Plausible.**

29. Finally, Plaintiff claims that Dr. Rodriguez committed medical malpractice as a result of "[a]ny other acts and/or omissions mentioned herein." This type of catch-all pleading does not provide the defendant with adequate notice of the claims against her and, therefore, does not meet the standard under Fed. R. Civ. P. 8. As such, it cannot state a plausible claim for relief and it should be dismissed.

## III.
## CONCLUSION

30. The federal rules of pleading are generously construed in favor of plaintiffs. However, even those liberal standards require that a pleading provide the defendant with fair notice of the claims against her and the legal theories of liability asserted. Even construing the Amended Complaint in the light most favorable to Plaintiff and taking every well-pleaded factual assertion in the Amended Complaint as true, the Amended Complaint does not meet that standard. Furthermore, Plaintiff's own deposition testimony, which is attached to and incorporated in the Amended Complaint, demonstrates that he lacks plausible claims for relief against Dr. Rodriguez. Nothing in the Complaint indicates that Dr. Rodriguez was or should have been aware of Moghtader's medical needs beyond the anxiety that she properly treated, that she failed or refused to treat those additional medical needs, or that she breached the applicable standard of care in any circumstance. Therefore, the claims against Dr. Rodriguez should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Because Plaintiff has already had the benefit of amendment, and because his own deposition testimony demonstrates that he cannot bring plausible claims for medical malpractice against Dr. Rodriguez, further leave to amend should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant **ROSARIO RODRIGUEZ, M.D.,** prays that the Court enter an Order dismissing with prejudice the Amended Complaint against her and for such other relief to which she might be entitled at law or in equity.

Dated: September 4, 2019.

                                          Respectfully submitted,

                                          LANGLEY & BANACK, INC.
                                          Trinity Plaza II, Suite 700
                                          745 East Mulberry Avenue
                                          San Antonio, Texas 78212
                                          (210) 736-6600

Fax: (210) 735-6889

By:     */s/ Lucretia R. Marmor*
    LUCRETIA R. MARMOR
    Federal Bar No. 32455
    State Bar No. 00796998
    Direct Line: (210) 253-7188
    Email:lmarmor@langleybanack.com
    NATALIE S. WILSON
    State Bar No. 24076779
    Direct Line: (210) 253-7155
    Email: nwilson@langleybanack.com

**ATTORNEYS FOR DEFENDANT**
**ROSARIO RODRIGUEZ, M.D.**

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing instrument was electronically filed with the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, and that a true and correct copy of the foregoing instrument and the documents referred to herein will be served upon the party(ies) listed below pursuant to ECF as to Filing Users on this <u>4th</u> day of <u>September</u>, 2019, and electronic notice will be sent to:

Randall L. Kallinen
KALLINEN LAW PLLC
511 Broadway
Houston, TX 77012
(713) 320-3785
Fax: (713) 893-6737
Email: attorneykallinen@aol.com
**ATTORNEY FOR PLAINTIFF**
**SINA MOGHTADER**

Shawn K. Fitzpatrick
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, TX 78283-1121
(210) 408-6793
Fax: (210) 408-6797
Email: skf@fitzkoslaw.com
**ATTORNEY FOR DEFENDANTS**
**GEO GROUP, INC. & DETENTION OFFICER BLAKE**

Edward J. Kroger
KROGER BURRUS NELSON
3100 Weslayan, Suite 300
Houston, TX 77027
(713) 961-7952
Fax: (713) 961-7953
Email: kroger@krogerlaw.com
**ATTORNEY FOR DEFENDANT
DR. DEMPSEY GORDON**

                                                    */s/ Lucretia R. Marmor*
                                                    Lucretia R. Marmor